**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RICKEY MACKEY,
    Petitioner,

vs.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-516

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Noble Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 9). This matter is before the Court on respondent's motion to dismiss (Doc. 11), which petitioner opposes. (*See* Doc. 13).

**I. PROCEDURAL HISTORY**

**State Court Proceedings**

On September 3, 2008, the Scioto County, Ohio, grand jury returned an indictment charging petitioner with one count each of possession of crack cocaine, trafficking in drugs/crack cocaine, and conspiracy to traffic drugs. (Doc. 6, Ex. 1). After initially pleading not guilty to the charges of the indictment, petitioner entered a negotiated plea of guilty to all charges on April 9, 2009. (Doc. 6, Ex. 2, 3). The trial court set forth the terms of the plea agreement: "as long as [petitioner] abides by the conditions of his bond he will receive a total aggregate three and one half year prison term. However, in the event he does not abide by his conditions of bond, returning here May 6th for sentencing at 9:30, he will receive a 18 year prison term." (Doc. 6, Ex. 12 at PageID 116). On September 3, 2009, after failing to appear at the sentencing hearing,

petitioner was sentenced to a total aggregate prison sentence of eighteen years in the Ohio Department of Rehabilitation and Corrections. (Doc. 6, Ex. 4; Doc. 6, Ex. 12 at PageID 127).

### Delayed Direct Appeals

On March 14, 2012, petitioner filed a pro se motion for leave to file a delayed appeal with the Ohio Court of Appeals. (Doc. 6, Ex. 5). On April 25, 2012, the Ohio appeals court denied the motion, finding that petitioner failed to demonstrate good cause for failing to file a timely direct appeal and, pursuant to Ohio Rev. Code § 2953.08(D)(1), that petitioner's agreed sentence was not reviewable on appeal even if the appeal was timely filed. (Doc. 6, Ex. 6).

Approximately two years later, on April 11, 2014, petitioner filed a notice of appeal in the Ohio trial court and second motion for leave to file a delayed appeal in the Ohio Court of Appeals. (Doc. 6, Ex. 7, 8). Petitioner raised the following three assignments of error:

1. The trial court erred and did not inform appellant of the maximum penalty involved as required by Ohio Criminal Rule 11(c)(2)(A) at appellant's change of plea hearing because the court did not clearly inform appellant that any prison sentence he may receive would be mandatory time.

2. The trial court violated Crim. R. 11 when it completely failed to advise defendant of the maximum possible sentence for count 2. As a result, defendant did not knowingly intelligently, and voluntarily waive his constitutional rights with respect to counts 2. His convictions and sentences for those counts violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Sections 10 and 16 of Article One of the Ohio Constitution.

3. Appellant was denied his constitutional right not to be placed in jeopardy two times for the same offense, by his convictions for trafficking in cocaine and possession cocaine, as those crimes are allied offenses of similar import.

(Doc. 6, Ex. 9 at PageID 97). On June 18, 2014, the Ohio Court of Appeals denied the motion, noting that the court previously denied petitioner's March 14, 2012 motion for leave to file a

2

delayed appeal and therefore the second delayed appeal motion was barred by the doctrine of *res judicata*. (Doc. 6, Ex. 11).

Petitioner did not appeal the denials of his delayed appeal motions to the Ohio Supreme Court.

## Motion to Withdraw Guilty Plea

On April 11, 2014, on the same day he filed his second delayed appeal motion, petitioner also filed a pro se motion to withdraw his guilty plea in the Scioto County trial court. (Doc. 6, Ex. 12). Petitioner raised the following two assignments of error:

1. The trial court erred and did not inform appellant of the maximum penalty involved as required by Ohio Criminal Rule 11(c)(2)(A) at appellant's change of plea hearing because the court did not clearly inform appellant that any prison sentence he may receive would be mandatory time.

2. The trial court violated Crim. R. 11 when it completely failed to advise defendant of the maximum possible sentence for count 2. As a result, defendant did not knowingly intelligently, and voluntarily waive his constitutional rights with respect to counts 2. His convictions and sentences for those counts violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Sections 10 and 16 of Article One of the Ohio Constitution.

(*Id.* at PageID 106, 109). On April 24, 2014, the trial court issued an entry finding that the court did not have jurisdiction over the matter in light of the delayed appeal motion pending in the Ohio Court of Appeals. (Doc. 6, Ex. 15).

Petitioner appealed the trial court entry on May 9, 2014. (Doc. 6, Ex. 16). Petitioner raised one assignment of error:

1. The trial court erred and abused its discretion when it denied appellant's motion to withdraw guilty plea upon a lack of jurisdiction

(Doc. 6, Ex. 17 at PageID 147). Petitioner subsequently filed a pro se merit brief, raising the

3

following three assignments of error:

1. The trial court erred and did not inform appellant of the maximum penalty involved as required by Ohio Criminal Rule 11(c)(2)(A) at appellant's change of plea hearing because the court did not clearly inform appellant that any prison sentence he may receive would be mandatory time.

2. The trial court violated Crim. R. 11 when it completely failed to advise defendant of the maximum possible sentence for count 2. As a result, defendant did not knowingly intelligently, and voluntarily waive his constitutional rights with respect to counts 2. His convictions and sentences for those counts violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Sections 10 and 16 of Article One of the Ohio Constitution.

3. The trial court erred and abused its discretion when it denied appellant's motion to withdraw guilty plea upon a lack of jurisdiction

(Doc. 6, Ex. 23 at PageID 173). On July 10, 2014, the Ohio Court of Appeals dismissed the appeal, finding that the trial court's entry was not a final appealable order and the appeals court therefore lacked jurisdiction over the appeal. (Doc. 6, Ex. 24).

On July 17, 2014, petitioner filed a request for the trial court to take judicial notice of the Court of Appeals' decision and judgment. (Doc. 6, Ex. 25). On July 25, 2014, the trial court denied petitioner's motion to withdraw his guilty plea. (Doc. 6, Ex. 26).

On August 6, 2014, petitioner filed a timely notice of appeal to the Ohio Court of Appeals from the denial of his motion to withdraw his guilty plea. (Doc. 6, Ex. 27). Petitioner raised the following two assignments of error:

1. The trial court erred and did not inform appellant of the maximum penalty involved as required by Ohio Criminal Rule 11(c)(2)(A) at appellant's change of plea hearing because the court did not clearly inform appellant that any prison sentence he may receive would be mandatory time.

2. The trial court violated Crim. R. 11 when it completely failed to advise defendant of the maximum possible sentence for count 2. As a result,

> defendant did not knowingly intelligently, and voluntarily waive his constitutional rights with respect to counts 2. His convictions and sentences for those counts violate his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Sections 10 and 16 of Article One of the Ohio Constitution.

(Doc. 6, Ex. 28 at PageID 199; Ex. 29 at PageID 201). On November 26, 2014, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (Doc. 6, Ex. 32).

Petitioner next filed a notice of appeal to the Ohio Supreme Court on December 22, 2014. (Doc. 6, Ex. 33). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. Whether the trial court erred when it refused to allow the defendant to withdraw high guilty pleas because the defendant established adequate grounds for the withdrawal and because the trial court's plea colloquy was inadequate.

2. Res judicata does not apply when a manifest injustice has occurred.

(Doc. 6, Ex. 34 at PageID 263). On April 29, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 35).

**Federal Habeas Corpus**

On August 7, 2015, petitioner filed the instant habeas corpus petition.[1] He raises the following two grounds for relief in the petition:

GROUND ONE: Petitioner's guilty pleas are constitutionally infirmed for reasons that the trial court failed to inform him of the maximum and mandatory nature of a future prison term.

Supporting facts: Petitioner plead guilty to felonies of the 1st and second degree

---

[1] Petitioner's initial habeas petition was not signed or dated. (*See* Doc. 1). On August 11, 2015, the undersigned issued a Deficiency Order requiring petitioner to sign his original petition and return it to the Clerk of Court. (Doc. 3). On October 19, 2015, petitioner submitted a signed petition. (Doc. 9).

drug offenses. The trial court failed to inform Petitioner that any prison term impose[d], would be a mandatory one. The trial court told Petitioner that it will grant early release, thus contrary to law.

GROUND TWO: Res judicata does not apply to a manifest injustice.

Supporting facts: Petitioner had no knowledge that he was ineligible for any time of early release. Petitioner was called into the case workers office at the Noble Correctional institution to discuss transitional control. It was then that petitioner learned that he was serving a mandatory 18 year prison term and that he was not eligible of any type of early release. Had he been aware of this, he would not have entered his guilty plea, thus a manifest injustice occurred.

(Doc. 9 at PageID 315, 329).

Respondent has filed a motion to dismiss the petition on the ground that the petition is time-barred. (Doc. 11).

## II. THE MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The undersigned must first determine which limitations provision applies to petitioner's claims for relief. As an initial matter, it is clear from the record that § 2244(d)(1)(B) through § 2244(d)(1)(D) are inapplicable because petitioner neither has alleged that he was prevented from filing a timely habeas petition by any state-created impediment to filing, nor has he asserted a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at sentencing. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on October 5, 2009,[2] when the 30-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's September 3, 2009 sentencing. *See* Ohio R. App. P. 4(A). The statute commenced running on October 6, 2009, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 6, 2010, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to statutory tolling of the

---

[2] The deadline date for filing a timely appeal was actually October 3, 2009. However, because that day fell on a Saturday, the undersigned has assumed in petitioner's favor that the 30-day appeal period was extended to include the next business day of Monday, October 5, 2009.

7

statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 890 days before petitioner filed his March 14, 2012 delayed appeal motion, the first of his post-conviction motions. Because petitioner's post-conviction motions were all filed after the one-year statute of limitations had already expired statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner contends that he was not informed of his right to appeal at sentencing. He claims that it was only after a law clerk informed him that he has a right to appeal his conviction and sentence that he filed his March 14, 2012 motion for a delayed appeal. (Doc. 13, at PageID 366). However, even assuming without deciding that the limitations period was tolled until petitioner discovered his right to appeal, the petition is still untimely. Petitioner does not indicate when he learned of his right to appeal, but at the very latest petitioner was aware of his right by March 14, 2012, the date he filed his delayed appeal motion. (*See* Doc. 6, Ex. 5). Even if the limitations period was tolled until the motion was denied on April 25, 2012, petitioner did not take any action

9

for nearly two years, when he filed his second delayed appeal motion and motion to withdraw his guilty plea on April 11, 2014. (*See* Doc. 6, Ex. 8, 12). Petitioner indicates that during this time, he saved money to obtain transcripts to support his claims. (Doc. 13 at PageID 366, 368). However, "the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." *Hall v. Warden*, 622 F.3d 745, 750–51 (6th Cir. 2011) (collecting cases).

Petitioner also claims that he did not discover that he had a mandatory prison term until 2014, when a case worker informed him that he was ineligible to earn good time credit. (Doc. 13 at PageID 368). To the extent that petitioner claims he is entitled to equitable tolling from his September 3, 2009 sentencing until 2014, the undersigned disagrees. As an initial matter, both petitioner's indictment (Doc. 6, Ex. 1) and an April 9, 2009 maximum penalty form signed by petitioner (Doc. 6, Ex. 12 at PageID 134) specify that petitioner's offenses carried mandatory prison terms. In any event, petitioner did not file his habeas petition until August 7, 2015, well over a year after he claims to have discovered his mandatory prison terms.[3] Although petitioner argues that he was diligent in pursuing his avenues for relief, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited nearly six years to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather

---

[3] Petitioner does not specify when in 2014 he met with the case worker. However, he raised claims pertaining to the mandatory prison terms in his April 11, 2014 motions for a delayed appeal and to withdraw his guilty plea. (*See* Doc. 6, Ex. 9 at PageID 97; Ex. 12 at PageID 106).

10

than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner is therefore not entitled to equitable tolling.

Accordingly, in sum, the undersigned concludes that petitioner's claims for relief are barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Therefore, respondent's motion to dismiss (Doc. 11) should be **GRANTED** and the instant habeas corpus petition (Doc. 1) should be **DISMISSED** with prejudice.

Case: 1:15-cv-00516-MRB-KLL Doc #: 15 Filed: 07/18/16 Page: 12 of 13 PAGEID #: 415

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  7/15/2016                    s/ Karen L. Litkovitz
                                    Karen L. Litkovitz
                                    United States Magistrate Judge

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICKEY MACKEY,
    Petitioner,

vs.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-516

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).